UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARRYD CISNEROS, #389972,

        Plaintiff,                                  Hon. Jane M. Beckering

v.                                                 Case No. 1:22-cv-312

UNKNOWN MIRELES, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 29). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action be terminated.

## BACKGROUND

Plaintiff initiated this action against Corrections Officer (CO) Unknown Mireles, CO Unknown Barton, CO Unknown Olson, PC/ARUS J. Allen, and two John Doe COs. (ECF No. 1). In his complaint, Plaintiff alleges the following.

As of December 14, 2020, Plaintiff was confined in protective custody to protect him from certain other prisoners, including an inmate named Clowney. On this date, Plaintiff was in the dayroom using the J-Pay machine when Defendants Mireles and Barton allowed inmate Clowney to exit his cell and attack Plaintiff who suffered "multiple bruises to the face and head area and swelling." On June 8, 2021, Plaintiff

was again attacked by inmate Clowney who had been moved to the same wing as Plaintiff by Defendants Olson, Allen, John Doe #1, and John Doe #2. Clowney struck Plaintiff in the "face and head area, splitting his lip and eye open."

Plaintiff alleges that Defendants violated his Eighth Amendment rights. Plaintiff's claims against Defendants Mireles, Allen, and Barton were previously dismissed. (ECF No. 22-23). Service has never been accomplished on the Doe Defendants. Defendant Olson now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350,

357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I. Defendant Olson

Plaintiff alleges that Defendant Olson failed to protect him from an assault by inmate Clowney on June 8, 2021. Specifically, Plaintiff alleges that, on this date, Defendant Olson and others transported Clowney to the area of the prison where Plaintiff was housed thus enabling Clowney to assault him.

Plaintiff's failure to protect claim implicates the Eighth Amendment, which requires Plaintiff to establish that Defendant Olson was deliberately indifferent to "a substantial risk" that he might suffer "serious harm." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish that Defendant acted with deliberate indifference, Plaintiff must demonstrate that he was "subjectively aware of the risk," but failed "to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847).

To prevail on the specific claim that Defendant Olson failed to protect him from an assault by another inmate, Plaintiff must establish: (1) Defendant had reason to believe Plaintiff would be assaulted by another inmate and (2) he had both the opportunity and means to prevent the assault. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013). Furthermore, that a prison official may have acted negligently is insufficient to establish a violation of the Eighth Amendment. *See, e.g., Farmer*, 511 U.S. at 835 (to prevail on an Eighth Amendment claim, the plaintiff must establish that the defendant acted with a "state of mind more blameworthy than negligence").

Defendant Olson has presented evidence that he was not working on June 8, 2021. (ECF No. 30, PageID.168-69). Defendant has also presented evidence that he had no involvement or participation in any decision to reassign inmate Clowney to another area of the prison on the date in question. Plaintiff has failed to respond to the present motion and, therefore, has failed to present any evidence refuting that submitted by Defendant Olson. Thus, Plaintiff cannot establish any of the elements of his claim identified above. As such, Defendant Olson is entitled to summary judgment.

## II.    Doe Defendants

Plaintiff initiated this action on March 31, 2022. As noted above, service has never been accomplished on the two Doe Defendants.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court – on motion or on its own initiative after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added). Plaintiff has never requested an extension of time to identify or accomplish service on the Doe Defendants. Considering

Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against the Doe Defendants be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 29) be granted, Plaintiff's claims against the Doe Defendants be dismissed without prejudice for failure to timely effect service, and this action be terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Date: August 8, 2024                            /s/ Phillip J. Green
                                               PHILLIP J. GREEN
                                               United States Magistrate Judge